(No. 1483—

ELIZABETH E. WILLIAMS, SURVIVING WIDOW OF HARRY C. WILLIAMS, Deceased; AND AS NEXT FRIEND FOR MURRAY P. WILLIAMS, HARRY K. WILLIAMS, GAYLORD V. WILLIAMS AND JULIA P. WILLIAMS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

BOYER & LEONARD, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimants, Elizabeth E. Williams, widow of Harry C. Williams, deceased, and as next friend for Murray P. Williams, Harry K. Williams, Gaylord V. Williams, and Julia P. Williams, respectfully represent to this court, the following:

1. That on March 28, A. D. 1929, Harry C. Williams, the husband of the claimant, Elizabeth E. Williams, and the father of the claimants, Murray P. Williams, Harry K. Williams, Gaylord V. Williams and Julia P. Williams, was injured by reason of an accident arising out of and in the course of his employment as supervising patrolman of the

Maintenance Department of the State Highway Department of Illinois, at Rantoul, Illinois, and that as a direct and proximate result of such injury the said Harry C. Williams died at Burnham Hospital in the City of Champaign, Illinois, on April 4, A. D. 1929.

2.   The time of said accident was in the afternoon of March 28, 1929, and the place of said accident was in the garage or storage shed, at Rantoul, Illinois, rented by the State Highway Department of the State of Illinois, from Mr. Holtapp for the storage of machinery and implements used by the Maintenance Department of the State Highway Department in looking after the State paved highways in Champaign County, Illinois, under the jurisdiction of the said Highway Department of the State of Illinois.

3.   The amount claimed herein is the sum of Four Thousand Five Hundred Fifty Dollars ($4,550).

4.   The other facts necessary for a full understanding of this claim are as follows:

The said Harry C. Williams has been continuously employed by the State of Illinois for more than five years, as supervising patrolman of the Maintenance Department of the Department of Highways of the State of Illinois, with jurisdiction over what are known as Illinois State Route 25, from the City of Urbana to and beyond the northerly limits of Champaign County, Illinois, and over Illinois State Route 10, from the City of Urbana eastwardly to and beyond the county line of Champaign County, Illinois, he being under the jurisdiction of the Department of Highways of the State of Illinois, and being employed and paid by the State of Illinois; that his duties consisted of supervising the maintenance of the said State highways, keeping the earth shoulders adjacent to the paved portions of the said public highways suitably maintained and keeping the weeds and grass mowed on said earth shoulders and within the limits of the highway lines on said State highways, and in having the general supervision of the repairs and maintenance of the road machinery owned by the State of Illinois and used by its Department of Highways in maintaining the said State roads; that the said State Highway Department used and rented a certain garage owned by a man named Holtapp, in Rantoul, Illinois, which

said garage was used for the storage and the making of repairs on the road machinery owned by the State; that on March 28, 1929, there was in said garage a certain mowing machine owned by the State of Illinois, and shipped to Rantoul, Illinois, to be used upon the said State highways, under the jurisdiction of the said Harry C. Williams, which said mowing machine had been shipped from the factory and was not completely assembled; that in the course of his duties as supervising patrolman of the Maintenance Department of the Highway Department of Illinois, the said Harry C. Williams was assisting one George Overholtz, another employee of the State Highway Department, in assembling the said mowing machine, and in so doing the said Harry C. Williams was engaged in cutting a number of wires which were used to tie up the springs, and other parts of the said mowing machine, and in so doing, one of the said wires when cut by the pliers of the said Harry C. Williams, punctured the right hand or the thumb on the right hand of the said Harry C. Williams; that the said wire was painted and somewhat rusty; that the said wound commenced paining the said Harry C. Williams badly by six o'clock of the same afternoon (March 28, 1929), and he consulted Dr. P. C. Casto early the next morning, March 29, 1929, and on Saturday, March 30, 1929, he was removed to Burnham Hospital, where he died on April 4, 1929; that the cause of his death was sceptic infection, or streptococcus infection, commonly called blood poisoning, occasioned by the said wound on the thumb of the right hand, caused by the puncturing of said hand by the wire as aforesaid, on the occasion aforesaid; and that said death was directly and proximately caused by the said accident, which arose out of and in the course of the employment of the said Harry C. Williams by the State of Illinois, through the State Highway Department in the Department of Public Works and Buildings of the State of Illinois.

5. Claimants further state that the said Harry C. Williams at the time of his death, left him surviving the claimant, Elizabeth E. Williams, his widow, aged 48 years; and his minor children, the claimants, Julia P. Williams, aged 17; Murray P. Williams, aged 12; Harry K. Williams, aged 8, and Gaylord V. Williams, aged 5; and that all of said claimants were dependent upon him for support, and that he was

under legal obligation to support them at the time of his injury; that he was living with the said claimants, and that they were entirely dependent upon him for support at said time.

6. Claimants further state that the said Harry C. Williams for more than one year prior to his death, had been continuously in the employ of the same employer, namely: The State of Illinois through its State Highway Department, in the Department of Public Works and Buildings of said State, and that his average annual earnings were the sum of One Thousand Six Hundred Eighty ($1,680) Dollars, and that therefore, under the requirements of the Workmen's Compensation Act of Illinois, he would be entitled to the maximum amount of weekly payments for the purpose of computing compensation under said Act; that as a direct and proximate result of the injuries aforesaid, he was immediately treated by Dr. P. C. Casto of St. Joseph, Illinois, and was, as above set forth, removed to Burnham Hospital in Champaign, Illinois, where he died and was also treated by Dr. W. L. Gray, 412 Illinois Building, Champaign, Illinois.

7. Claimants further state that the said Harry C. Williams received no compensation payments of any kind from said employer, or from anyone else, as a result of said accident nor have any of his medical or hospital expenses been paid.

8. Claimants further state that the said Henry C. Williams was the father of more than three minor children, above named, under the age of sixteen years, as above set forth, and that therefore the maximum schedules provided by the Illinois Compensation Act, in Section 7 thereof, should apply, and that the claimants are entitled to the sum of Four Thousand Five Hundred Fifty ($4,550) Dollars, plus the actual medical surgical and hospital fees for services incurred by reason of the accidental injury above set forth.

Claimants therefore say that the State of Illinois whose direct agency or arm the State Highway Department in the Department of Public Works and Buildings of said State is, is liable to the claimants for the death of the said Harry C. Williams, resulting from the injury sustained by him aforesaid, in the course of his employment as afore-

said in accordance with the rules prescribed by the Act commonly called the "Workmen's Compensation Act of Illinois," the items of which said compensation are as follows:

(a) Medical and hospital services, including $103.10 to the Burnham Hospital, at Champaign, Ill., and to Julia Donahue, nurse, and Harriet Tucker, nurse; $74.50 for the services of Dr. P. C. Casto of St. Joseph, Ill., and $50.00, for the services of Dr. W. L. Gray, of Champaign, Illinois ................................ $ 227.60

(b) For the death of the said Harry C. Williams, leaving more than 3 children under the age of 16 years at the time of his death, as hereinabove set forth, and as fixed by Section 7 of the Workmen's Compensation Act of Illinois.......................... $4,550.00

$4,777.60

Claimants further state that their claim has not been presented to any State department or State officer, nor to any person, corporation, or tribunal; and claimants further state that they have not received any payment on account of such claim, directly or indirectly.

Claimants further state that no other person has any interest in said claim and that they have hereinbefore set forth in detail each item of the amount claimed on account of the death resulting from the injury aforesaid.

Wherefore, claimants pray that this Court will hear and determine the liability of the State of Illinois for the accidental injuries aforesaid suffered by the said Harry C. Williams in the course of his employment as aforesaid, in accordance with the rules prescribed by the Act commonly called "The Workmen's Compensation Act."

The Attorney General filed on May 2, 1929, a statement in which he admits that the amount of the award in this claim is $4,550.00 plus doctor and hospital bills of $227.60 making a total of $4,777.60.

We are of the opinion that the claimant is entitled to an award under the Workmen's Compensation Act and also as a matter of social justice and equity. We, therefore, award the claimant the sum of $4,777.60.